**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| N.G., a minor, by and through her Guardian *Ad Litem*, PATRICE VANCE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ABC UNIFIED SCHOOL DISTRICT, a Local Education Agency, <br><br> Defendant-Appellee. | No. 14-56666 <br><br> D.C. 2:13-cv-06929-DMG-RZ <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 20, 2016[**]
Pasadena, California

Before: TALLMAN, PARKER,[***] and CHRISTEN, Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

N.G., a teenager diagnosed with emotional disorders, had been receiving special education services while being hospitalized between October 2012 and March 2013 at College Hospital, located within the ABC Unified School District (the "District").  She appeals from the district court's decision affirming the ALJ's determination that the District did not deny N.G. a free appropriate public education under the Individuals with Disabilities Education Act (IDEA) by not offering her a Residential Treatment Center ("RTC") placement following her discharge.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

We review *de novo* the question of whether the District was required to offer and fund the student's RTC placement under the IDEA and California law.  *Doug C. v. Haw. Dept. of Educ.*, 720 F.3d 1038, 1042 (9th Cir. 2013).  We review the district court's findings of fact for clear error.  *Amanda J. v. Clark Cty. Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001).  The factual findings of the ALJ are entitled to deference, particularly when, as here, the findings are "thorough and careful." *R.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 937 (9th Cir. 2007) (internal quotation marks and citations omitted).

---

[1] We deny Appellant's request for judicial notice of legislative history of California Education Code Section 56167.5.  *See Ctr. for Bio-Ethical Reform, Inc. v. City & Cty. of Honolulu*, 455 F.3d 910, 918 n.3 (9th Cir. 2006) (expressing reluctance to grant judicial notice of "documents [that] were not before the district court and their significance, if any, is not factored into the record on appeal.").

California Education Code Section 56167 provides that the District's responsibility over a hospitalized student is the period when the student is "placed in a public hospital . . . for medical purposes." CAL. EDU. CODE § 56167(a). Furthermore, section 56167.5 limits the education responsibilities of the District by providing that "nothing in this article shall be construed to mean that the placement of any individual with exceptional needs in a hospital . . . constitutes a necessary residential placement . . . for which the local education agency would be responsible." CAL. EDU. CODE § 56167.5. Therefore, the District does not have the responsibility to provide post-discharge education to the student.

Under California Government Code Section 7579.1(b), the responsibility for post-discharge educational placement is on the "receiving local educational agency." California Education Code Section 48200 further provides that the local educational agency in the district where the student's parent or legal guardian resides is responsible for providing education. These provisions lodge responsibility for post-discharge placement with the district in which N.G.'s guardian resides, which is the Chino Valley Unified School District. Hence, the

ABC Unified School District was not responsible for N.G.'s post-charge RTC placement.[2]

**AFFIRMED.**

---

[2] The parties neither briefed nor argued the issue of whether this appeal was frivolous. Having carefully reviewed the Appellant's submissions, we conclude that the District Court would be acting well within its discretion to award Appellant no attorneys' fees for this appeal. *See* 20 U.S.C. § 1415(i)(3); *see also* CAL. EDUC. CODE § 56507(b)(1). We award costs to the Appellee ABC Unified School District.